UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| YURIDIA CHAVEZ-HERRERA, | Case No. 2:19-cv-01327-GMN-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| SHAMROCK FOODS COMPANY, *et al.*, | |
| Defendants. | |

Before the Court is Defendants' Motion to Strike the Reports of Plaintiff's Expert Lester Zackler, M.D. ECF No. 99. Plaintiff responded (ECF No. 104), and Defendants replied. ECF No. 105. Although Dr. Zackler's March 2023 Report contains improper affirmative opinions in conjunction with proper rebuttal opinions, Plaintiff has established that such error is substantially justified and harmless. In addition, the Court finds that the March 2023 Report complies with Rule 26(a)(2)(B) and that its probative value is not substantially outweighed by its cumulative effect. The Court, therefore, denies Defendants' request to strike the March 2023 Report. But because Dr. Zackler's May 2023 Report constitutes an improper rebuttal to a rebuttal opinion, the Court will strike said report. As such, the Court grants the Motion in part, and denies the Motion in part.

**I.    BACKGROUND**

This personal injury case stems from Plaintiff's claim that Defendants failed to properly load, secure, and unload a pallet of boxes that Plaintiff alleges fell on her head while she was working at The Habit Burger Grill. *See generally* ECF No. 1-1. Both Plaintiff and Defendants have disclosed a multitude of expert witnesses throughout the case. ECF No. 99 at 3. At issue in this Order are the experts pertaining to Plaintiff's psychiatric evaluation and her life care planning. *See id.* Defendants retained psychiatric expert Dr. Brown, to which Plaintiff disclosed Dr. Zackler as a rebuttal expert. ECF No. 99 at 4; ECF No. 104 at 3. Dr. Zackler issued his rebuttal report in March 2023. ECF No. 99 at 4; ECF No. 104 at 3. Around the same time,

1  Plaintiff designated Dr. Schonbrun as a life care planning expert, and Defendants disclosed Dr.
2  Corwin in rebuttal. ECF No. 99 at 6; ECF No. 104 at 3. After Defendants produced Dr. Corwin's
3  rebuttal report, Dr. Zackler issued *another* report in May 2023 in response to Dr. Corwin's
4  report. ECF No. 99 at 7; ECF No. 104 at 3. Defendants now move to strike both Dr. Zackler's
5  reports, arguing that he offers improper affirmative (rather than rebuttal) opinions, that his
6  opinions are insufficient, and that his opinions are cumulative of Plaintiff's other experts. *See*
7  ECF 99 at 8–21.

## II. ANALYSIS

### A. March 2023 Report

The parties each designated psychiatric experts, with Defendants first disclosing Dr. Brown, and Plaintiff then submitting Dr. Zackler in rebuttal. ECF No. 99 at 6; ECF No. 104 at 8, 9. The parties disagree regarding whether Dr. Zackler's March 2023 Report contains opinions that constitute proper rebuttal opinions or improper affirmative opinions, whether his opinions meet the sufficiency requirements for expert reports, and whether his opinions are needlessly cumulative of Plaintiff's other experts' opinions. *Compare* ECF No. 99 at 8–21 *with* ECF No. 104 at 14–25. The parties also dispute whether the potential errors were substantially justified and harmless. *Compare* ECF No. 99 at 15–19 *with* ECF No. 104 at 21–23.

#### 1. *Portions of the report are not rebuttal opinions*

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) permits rebuttal expert testimony that is "intended solely to contradict or rebut evidence on the same subject matter identified" by an initial expert witness. A rebuttal expert report "is not the proper place for presenting new arguments." *Downs v. River City Grp., LLC*, Case No. 3:11-cv-00885-LRH, 2014 WL 814303, at *2 (D. Nev. Feb. 28, 2014). Instead, rebuttal expert reports require a showing of facts supporting the opposite conclusion of those the opposing party's expert arrived at in his report. *R & O Const. Co. v. Rox Pro Int'l Grp., Ltd.*, No. 2:09-CV-01749-LRH-LR, 2011 WL 2923703, at *2 (D. Nev. July 18, 2011) (internal citation omitted). Rebuttal reports, therefore, "are proper if they contradict or rebut the subject matter of the affirmative expert report." *Id.* (internal citation

2

omitted). Otherwise, such opinions are considered improper affirmative opinions that should have been disclosed by the initial expert deadline. *See Benkirane v. Am. Fam. Connect Prop. & Cas. Ins. Co.*, No. 220CV01451JCMEJY, 2022 WL 225266, at *4 (D. Nev. Jan. 25, 2022).

Here, the March 2023 Report contains both improper affirmative opinions as well as proper rebuttal opinions. In his report, Dr. Zackler concurs with Defendant's initial expert Dr. Brown that Plaintiff sustained a mild Traumatic Brain Injury. ECF No. 104-3 at 2, 6. He also opines that Plaintiff's IQ is not 70, that she has Mild Neurocognitive Disorder, that she has Functional Symptom Disorder, that her treatment will be complex, that she will be dependent on her family, and that she will require long-term supported care. *Id.* at 6–7. These opinions do not contradict nor rebut Dr. Brown's opinions, as such subject matter was not discussed throughout his report. *See generally* ECF No. 104-13. In presenting such opinions, Dr. Zackler did not arrive at the opposite conclusion as Dr. Brown, but instead presented new arguments. Because these portions of the report constitute improper affirmative opinions, they must be stricken unless Plaintiff can show that the error was substantially justified or harmless. *See* FED R. CIV. P. 37(c)(1).

The remaining portions of the March 2023 Report—that Plaintiff suffers from Post Traumatic Stress Disorder, and that she does not have Borderline Intellectual Functioning—*do* directly counter Dr. Brown's contentions. *Compare* ECF No. 104-3 at 6–7 *with* ECF No. 104-13 at 12–13. As such, these opinions constitute proper rebuttal opinion, and these portions of the March 2023 report will not be stricken.

### 2. *The improper affirmative opinions are substantially justified and harmless*

Although Dr. Zackler's March 2023 report contained numerous improper affirmative opinions, the Court will not strike said opinions if Plaintiff can demonstrate that the failure to comply with the rules was substantially justified or harmless. *See* FED R. CIV. P. 37(c)(1). Under Federal Rule of Civil Procedure 37(c)(1), a party that fails to comply with the rules is not permitted to use that information "unless the failure was substantially justified or harmless." In determining whether the error was substantially justified or harmless, the Court considers several

3

1    factors, including: (1) prejudice or surprise to the party against whom the evidenced is offered,
2    (2) the ability of that party to cure the prejudice, (3) the likelihood of disruption of trial, and
3    (4) bad faith or willfulness in not timely disclosing the evidence. *Liberty Ins. Corp. v. Brodeur*,
4    41 F.4th 1185, 1192 (9th Cir. 2022).
5        First, the Court finds that Defendants have suffered prejudice. Though Plaintiff contends
6    that Defendants are not prejudiced because they had known about Dr. Zackler's opinions for
7    several months before the discovery cutoff date, ECF No. 104 at 22, the rebuttal expert deadline
8    had passed, depriving Defendants of the opportunity to submit a rebuttal report responding to Dr.
9    Zackler's affirmative opinions. *See* ECF No. 99 at 17. Had Plaintiff properly disclosed Dr.
10   Zackler's affirmative opinions by the initial expert disclosure deadline, Defendants would have
11   had an opportunity to have a retained rebuttal expert examine Dr. Zackler's test results and refute
12   his findings. *Id.* at 17–18. Such failure, therefore, resulted in prejudice to Defendants.
13       Next, the Court examines Defendants' ability to cure the prejudice. The Court agrees to
14   an extent with Plaintiff that Defendants had an opportunity to cure the prejudice when taking Dr.
15   Zackler's deposition. *See* ECF No. 104 at 23. However, this is not the full opportunity
16   Defendants would have been afforded had Dr. Zackler's opinions been properly disclosed.
17   Therefore, this factor—while only slightly—weighs in favor of Defendants.
18       Though the first two factors weigh in Defendants' favor, the final two considerations tip
19   in favor of Plaintiff. To begin, as Plaintiff correctly notes, Plaintiff's error will not cause a
20   disruption to the trial. *See* ECF No. 104 at 23. The Court also does not find—nor do Defendants
21   allege—any evidence of bad faith on the part of Plaintiff. *See id.*
22       In balance, and given that there is no evidence of bad faith on behalf of Plaintiff, the
23   Court declines to strike the March 2023 Report. The Court will, however, reopen discovery for
24   the sole purpose of allowing Defendants to retain a rebuttal expert to respond to Dr. Zackler's
25   affirmative opinions, as outlined above, to remedy the prejudice Defendants have suffered.
26
27
28                                          4

### 3. *Dr. Zackler's opinions are sufficient under Rule 26(a)(2)(B)*

Federal Rule of Civil Procedure 26(a)(2)(B) requires an expert's report to contain a "complete statement of all opinions the witness will express and the basis and reasons for them." An expert's report, therefore, must be "detailed and complete." *Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296, 300 (D. Nev. 1998). A complete report must include (1) the substance of the testimony the expert is expected to give; and (2) the supporting bases of the opinions, *i.e.*, the "how" and the "why" the expert reached a particular result. FED R. CIV. P. 26 advisory committee's note to 1993 amendment; *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998).

Here, the opinions in Dr. Zackler's March 2023 Report are sufficient under Rule 26(a)(2)(B). Though his opinions may appear conclusory at first glance, each of the opinions listed under his Diagnostic Impressions can be tied back to supporting bases contained throughout Plaintiff's medical history, the interview of her and her daughter, or her psychological testing. *See* ECF No. 104-13 at 2–7. Although not presented in the most straightforward manner, Dr. Zackler's conclusions—when considering the report as a whole—are accompanied by both the "how" and the "why" he arrived at each particular result. *See id.* His opinions, therefore, are not akin to the one-and-a-half page outline nor the one-page analysis the courts struck in *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546 (5th Cir. 1996) and *Smith v. State Farm Fire & Casualty Co.*, 164 F.R.D. 49 (S.D. W.Va. Sept. 6, 1995).

### 4. *The probative value of Dr. Zackler's opinions is not outweighed by its cumulative effect under Rule 403*

Under Federal Rule of Evidence 403, the Court may exclude evidence if its probative value is substantially outweighed by the risk of needlessly presenting cumulative evidence. Defendants contend that the Court should exclude Dr. Zackler's opinions because they are cumulative of Plaintiff's other experts, Dr. Fazzini and Dr. Schonbrun. ECF No. 99 at 19–21. However, as Plaintiff correctly points out, "the mere presence of overlap, reference to another expert's report, or a similar conclusion," does not render an expert report "unnecessarily

5

cumulative." *Calvert v. Ellis*, No. 2:13-CV-00464-MMD, 2015 WL 732523, at *2 (D. Nev. Feb. 20, 2015). Because courts "frequently permit multiple experts to opine on similar issues where each expert's credentials and expertise differ," *id.*, the probative value of Dr. Zackler's opinions is not *substantially outweighed* by any potential risk of his opinions being cumulative of Plaintiff's other experts. *See* FED. R. EVID. 403.

### B. May 2023 Report

The parties also designated experts pertaining to Plaintiff's life care planning. ECF No. 104 at 8–9. Defendants designated Dr. Corwin as a rebuttal expert to Dr. Schonbrun, Plaintiff's initial expert. *Id.* After Dr. Corwin issued her report, Dr. Zackler submitted *another* report in response. *Id.* at 13–14.

Plaintiff argues that the May 2023 Report is a supplemental report under Federal Rule of Civil Procedure 26(e)(2), which, she contends, requires an expert to supplement his report until the pretrial disclosure deadline. *Id.* at 18. According to Plaintiff, Dr. Corwin offered improper affirmative (rather than rebuttal) opinions to which Dr. Zackler narrowly addressed. *Id.* at 19.

Defendants respond that Plaintiff cannot use the rule to add to an expert's report after the deadline has passed. ECF No. 105 at 5. They argue that Rule 26(e)(2) instead permits supplementation of an expert report to either correct an inaccuracy, or remedy an incomplete report based on information that was not available at the time—neither of which, Defendants contend, was present here. *Id.* Defendants assert that the May 2023 Report, put simply, functions as a "rebuttal to the rebuttal," which is not allowed. *Id.* at 6.

### *1. The report does not constitute a supplemental report under Rule 26(e)(2)*

Rule 26(e) requires supplementation of an expert report if the party learns that it is incomplete or incorrect. FED. R. CIV. P. 26(e)(1)(A). Supplementation "means correcting inaccuracies" or finishing an incomplete report "based on information that was not available at the time of the initial disclosure." *Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 214CV00772GMNNJK, 2016 WL 3965190, at *2 (D. Nev. July 21, 2016) (citing *Luke v. Family Care & Urgent Med. Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009)). Supplementation is a duty,

not a right. *Id.* The rule cannot be used as a "loophole" through which parties may revise their disclosures in light of their opponents' challenges. *Id.*

      Here, the May 2023 Report clearly serves as an impermissible "rebuttal to a rebuttal report." *See Freteluco v. Smith's Food & Drug Centers, Inc.*, No. 219CV00759JCMEJY, 2021 WL 75692, at *6 (D. Nev. Jan. 8, 2021). The report itself is titled "**Rebuttal Report** in Response to [Dr. Corwin's Report]." ECF 99-9 at 2 (emphasis added). Though Plaintiff claims that Dr. Corwin offered improper affirmative opinions, the proper remedy for such a claim is to file a motion to strike, not to produce a rogue rebuttal report. That type of response is not permitted under the rules. *See Fretulco*, 2021 WL 75692 at *6. The Court will therefore grant Defendants' Motion to Strike (ECF No. 99) in part and strike Dr. Zackler's May 2023 Report.

### III.  CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike (ECF No. 99) is GRANTED in part and DENIED in part. The Motion is GRANTED regarding the May 2023 Report but DENIED with respect to the March 2023 Report.

**IT IS FURTHER ORDERED** that Defendants shall have until February 9, 2024, to serve Plaintiff with a rebuttal expert report to Dr. Zackler's improper affirmative opinions (as outlined above).

DATED this 9th day of January 2024.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

7