# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Yuridia Chavez-Herrera, | Case No. 2:19-cv-01327-GMN-BNW |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| Shamrock Foods Company, et al., | |
| Defendants. | |

Plaintiff filed a motion to amend her complaint. ECF No. 146. Defendants opposed and plaintiff replied. ECF Nos. 150 and 151. Given plaintiff has not met her burden to show good cause for filing this motion more than two years after the deadline, this Court recommends that the motion be denied.

**I.    Background**

This personal injury case stems from plaintiff's allegation that on November 24, 2017, defendants failed to properly load, secure, and unload a pallet of boxes which ultimately fell on plaintiff's head while she was working at The Habit Burger Grill. ECF No. 21. Her original complaint, filed July 16, 2019, alleged a Negligence count against defendant Shamrock Foods Company and a Doe defendant. ECF No. 1. Plaintiff amended her complaint on December 10, 2019, and substituted Jose Paz for the Doe defendant. ECF No. 21.

In the instant motion, filed January 5, 2024, plaintiff seeks to add (1) a claim for Negligent Hiring, Training, Supervision, and/or Retention against defendant Shamrock Foods and (2) a claim for punitive damages against defendants Shamrock Foods and Jose Paz. ECF No. 146. The deadline to amend pleadings was December 31, 2021. ECF Nos. 44 and 48.

**II.    Legal Standard**

When a party moves to amend the pleadings after the expiration of the deadline established in the scheduling order, courts review the request through a two-step process. First,

courts resolve the motion to amend the scheduling order, which is governed by the "good cause" standard outlined in Rule 16(b) of the Federal Rules of Civil Procedure. *See, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id*. at 609. Courts look to whether the deadline set in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the amendment." *Id*. Although prejudice to the opposing party may also be considered, the focus of the inquiry is on the movant's reasons for seeking modification. *Id*. "If that party was not diligent, the inquiry should end." *Id*. The party seeking amendment bears the burden of establishing diligence. *See, e.g., Morgal v. Maricopa County Bd. Of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. 2012).

In addition to showing good cause, Plaintiffs must also establish that their failure to act was the result of excusable neglect. *See* LR 26-4(a) (a request to extend a scheduling order deadline made less than twenty-one days before expiration of that deadline must be supported by a showing of excusable neglect in addition to the good cause required by LR 6-1 and Rule 16). Courts consider at least four factors in determining whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. See *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (*citing Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The determination of whether neglect is excusable is ultimately an equitable one, taking account of all relevant circumstances surrounding the party's omission. *See Pioneer*, 507 U.S. at 395. This equitable determination is left to the discretion of the district court. *See Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

If good cause and excusable neglect are established, courts then examine whether amendment is proper under the standards outlined in Rule 15(a) of the Federal Rules of Civil Procedure. Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the Ninth Circuit has made clear that Rule

15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam). Under Rule 15(a), courts consider various factors, including: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the amendment, and (5) whether the plaintiff has previously amended the complaint. *See id*. at 1052. These factors do not carry equal weight, however, and prejudice is the touchstone of the analysis. *See id*. The party opposing the amendment bears the burden of showing why leave to amend should be denied. *See, e.g., Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (*citing Genentech, Inc. v. Abbott Labs*., 127 F.R.D. 529, 530-31 (N.D. Cal. 1989))

### III.  Arguments by the parties

#### A.  Plaintiff's argument.

Plaintiff divides her argument in two parts: (1) arguments supporting the legal standard for amendment under Rule 15 and (2) arguments supporting good cause and excusable neglect for not filing this motion by the deadline to amend pleadings.

Starting with Rule 15, plaintiff lists several facts which she argues demonstrate amendment would not be futile. First, she lists incidents reports (ranging from May 2015 to June 2017) in which Shamrock employees caused injuries to others when delivering food products to customers (including injuries caused by falling boxes). In addition, she points to Shamrock's 30(b)(6) witness's deposition, during which the witness stated that Shamrock does not have any written policies, practices, or procedures for their drivers on how to safely break down pallets of boxes. Next, plaintiff relies on defendant Paz's deposition to show he had no prior experience in breaking down pallets prior to his employment with Shamrock and his admission that he made a mistake in cutting the shrink-wrap the way he did. Lastly, plaintiff explains that despite investigating this incident, Shamrock did not go over the incident with Paz, discipline him, or change its policies to prevent this from happening in the future.

Plaintiff explains that the factual bases underlying the need for an amendment were not fully known until October 27, 2023, which is when defendants produced the nine incident reports showing similar incidents had taken place prior to plaintiff's injury. Plaintiff explains defendants

produced these reports only after this Court ordered them to do so (after granting plaintiff's motion to compel the production of documents). Any delay, according to plaintiff, is due to defendants' actions as they did not disclose these reports pursuant to Rule 26 or when plaintiff originally propounded her requests for production.

She also argues there is no prejudice to defendants as they have been in possession of these incident reports and that amendment will not result in delay. Lastly, she provides several arguments explaining why amendment would not be futile.

Turning to the good cause standard (and the excusable neglect standard), plaintiff repeats many of the arguments made in support of amendment under Rule 15. That is, she reiterates that the amendment is based, in significant part, on the incident reports received on October 2023 (which was after the deadline to amend the complaint). She also echoes her argument that if these incidents reports had been provided in compliance with the rules, then she would have moved to amend earlier.

### B. Defendants' argument

Defendants advance several arguments as to why amendment should be denied. Defendants begin by arguing that the motion is untimely and that plaintiff has not shown good cause or excusable neglect to amend the complaint. They explain this case has been pending for over four years, that the instant motion was filed two years after the deadline to amend, five months after the close of discovery, and four months after defendants filed their motion for partial summary judgment.

Defendants also argue this Court should give little weight to the date on which the incident reports were produced, as the vast majority of the facts upon which plaintiff relies to amend her complaint have been known to her for years. For example, they explain that the 30(b)(6) witness's deposition took place in February 2021 and that Paz's deposition took place in November 2020. In addition, defendants argue that discovery deadlines were extended twelve times, and that plaintiff was dilatory in waiting until she did to request the incident reports in question. Lastly, they argue that there was no obligation to disclose these incident reports by way

1  of initial disclosures under Rule 26 as defendants are not relying on them to support their
2  defenses.
3      Moreover, defendants argue that the instant motion was filed only in response to their
4  motion for partial summary judgment and that plaintiff has been on notice for the need to amend
5  at least as of the time she filed her opposition to that motion in September 2023. ECF No. 131 at
6  3, 30-31 (plaintiff's opposition to defendants' motion for partial summary judgment). Thus, they
7  argue plaintiff has not been diligent.
8      Defendants also argue amendment would be prejudicial to them as discovery has closed
9  and they would not have a fair chance to defend against these new claims. They do not provide
10 specifics but argue that an earlier amendment would have resulted in the disclosure of additional
11 witnesses and documentation regarding their training and hiring practices and alleged malice. In
12 addition, they explain dispositive deadlines have passed, precluding defendants from seeking
13 summary judgment on the negligent hiring, training, and supervision claim. Lastly, they argue
14 discovery would need to be re-opened to allow defendant the opportunity to defend against these
15 claims, resetting the clock back to when this case started at over four years ago.
16     Lastly, defendants provide several arguments as to why these new claims would be futile.
17 **C. Plaintiff's reply**
18     Plaintiff repeats many of the arguments made in her motion and reminds this Court
19 that leave to amend should be freely given under Rule 15. She argues defendants are not specific
20 as to what course of action they would have taken had plaintiff moved to amend earlier, failing to
21 show prejudice. In addition, she argues she was not dilatory in her request for the incident reports
22 as she did so while discovery was open. Lastly, plaintiff explains she is not seeking for discovery
23 to be re-opened or for the trial to be delayed.
24 **IV.    Analysis**
25     While plaintiff is correct in noting that leave to amend should be freely given under Rule
26 15, she must first show good cause for the delay in seeking amendment. This Court finds plaintiff
27 has not been diligent and, thus, cannot show good cause. As a result, this Court will not evaluate
28 excusable neglect or the propriety of amendment under Rule 15.

First, it is undisputed that plaintiff had deposition testimony from the 30(b)(6) witness and Paz years prior to the instant motion (and months prior to the deadline to seek amendment). The fact that defendants recently produced the incident reports in question does not justify the delay in seeking amendment. Indeed, it was not necessary for plaintiff to rely on these reports in order to move to amend.

Moreover, to the extent she believed these reports were indeed necessary, it is not clear why she did not propound the request for their production sooner. Plaintiff is correct in noting she propounded these requests within the discovery period (making her requests timely under the scheduling order). But the question is not whether *her request for discovery* was timely but whether she *was diligent in seeking amendment*. Had she propounded these requests sooner, defendants would have been compelled to produce them sooner. By extension, the motion to amend would also have been filed sooner. Plaintiff provides no explanation as to why she did not propound these requests prior to the twelfth extension of discovery—especially given the requests for prior incident reports are extremely common in these kinds of cases. Nor does she rebut defendants' argument that there was no need for them to produce these reports with their initial disclosures under Rule 26.

As to punitive damages, plaintiff has been on notice of her need to amend at least as of the time she responded to defendants' motion for partial summary judgment, in September 2023.

Based on the above, this Court finds plaintiff was not diligent in waiting until January 2024 to move to amend. Given no good cause has been shown, this Court does not analyze the factors governing excusable neglect or those governing amendments under Rule 15.

**V.     Conclusion**

**IT IS THEREFORE RECOMMENDED** that Plaintiffs' motion to amend (ECF No. 146) be **DENIED**.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within 14 days of being served

with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: May 13, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE