**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

YURIDIA CHAVEZ-HERRERA, )
 )
              Plaintiff, )    Case No.: 2:19-cv-01327-GMN-BNW
    vs. )
 )    **ORDER ADOPTING R&R**
SHAMROCK FOODS COMPANY, *et al.*, )
 )
              Defendants. )
 )

       Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Brenda Weksler, (ECF No. 152), which recommends the Court deny Plaintiff Yuridia Chavez-Herrera's Motion to Amend her Complaint, (ECF No. 146). Plaintiff filed an Objection, (ECF No. 153), to which Defendants Shamrock Foods Company and Jose Paz filed a Response, (ECF No. 154). Because the Magistrate Judge's finding is not clearly erroneous, the Court ADOPTS the R&R in full.

**I.**    <u>**BACKGROUND**</u>

       Plaintiff was accepting a produce delivery from Defendant Shamrock Foods on behalf of her restaurant employer when heavy boxes fell on top of her, allegedly due to the negligence of Shamrock Foods's employee Jose Paz. (*See* Am. Compl., ECF No. 21). Plaintiff filed her original complaint in state court on July 16, 2019, alleging one claim for negligence against Shamrock Foods and a Doe defendant. (Compl., ECF No. 1). Plaintiff later substituted Paz for the Doe defendant in an amended complaint, filed on December 10, 2019, following removal to federal court. (Am. Compl.). After six extensions of time, the last deadline to file a motion to amend the pleadings was December 31, 2021. (*See* Stip., ECF No. 44); (Min. Proceedings, ECF No. 48) (granting Stip.).

       The dispositive motions deadline was September 5, 2023, and Defendants' Motion for

1 Partial Summary Judgment is fully briefed before the Court. (*See* Mot. Partial Summ. J., ECF
2 No. 120).  Among other things, Defendants argue that they are entitled to summary judgment
3 on punitive damages because Plaintiff did not plead any claim beyond negligence. (*See id.*).
4 Four months after Defendants filed their Motion for Partial Summary Judgment, and two years
5 after the deadline to move to amend, Plaintiff filed a motion to amend her complaint on January
6 5, 2024, to add a claim for Negligent Hiring, Training, Supervision, and/or Retention against
7 Shamrock Foods and a claim for punitive damages against both Defendants. (Mot. Amend,
8 ECF No. 146).  Plaintiff asserts that her Motion is based on newly discovered evidence:
9 Shamrock did not produce incident reports relating to nine prior incidents in which someone
10 was injured during the course of a Shamrock delivery until October 27, 2023, after the Court
11 ordered Shamrock to produce them. (Obj. 4:11–13, ECF No. 153).  The Magistrate Judge
12 recommends denying Plaintiff's Motion to Amend because Plaintiff was not diligent and
13 cannot show good cause for the delay in seeking amendment.

## II. LEGAL STANDARD

15 A party may file specific written objections to the findings and recommendations of a
16 United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B);
17 D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo*
18 determination of those portions to which objections are made. D. Nev. R. IB 3-2(b).  But when
19 reviewing matters that may be finally determined by a magistrate judge, the Court reviews for
20 clear error. 28 U.S.C. § 636(b)(1)(A); D. Nev. L.R. IB 3-1.  Although the Court is reviewing an
21 R&R, the Court reviews under the clear error standard because magistrate judges may finally
22 determine a motion to amend pleadings.
23 Parties may amend their pleadings after the deadline established in the scheduling order
24 for "good cause" under Rule 16(b) of the Federal Rules of Civil Procedure. *See Johnson v.*
25 *Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992).  "Rule 16(b)'s 'good cause'

1  standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609.  In
2  addition to showing good cause, plaintiffs wishing to amend their complaint after the deadline
3  must also establish that their failure to act was the result of excusable neglect. *See* D. Nev. LR
4  IA 6-2(a).  If a party establishes both good cause and excusable neglect, courts then examine
5  whether amendment is proper under Rule 15(a).  Under Rule 15(a), the "court should freely
6  give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

7  **III.   DISCUSSION**

8  The Magistrate Judge recommends denying Plaintiff's Motion to Amend because she
9  was not diligent, and thus cannot show good cause. (R&R 5:26–27, ECF No. 152).  The
10 Magistrate Judge did not reach the issues of excusable neglect or the propriety of amendment
11 under Rule 15. (*Id.* 5:27–28).  Because the Magistrate Judge's finding regarding Plaintiff's
12 diligence was not clearly erroneous, the Court also does not address excusable neglect or the
13 Rule 15 standard for amendment.

14 Plaintiff asserts that she was diligent in filing her motion to amend because she did not
15 receive certain incident reports that form the basis for her proposed amendments until October
16 27, 2023. (Obj. 16:19–21).  Specifically, according to Plaintiff, the prior incident reports
17 demonstrate that (1) Shamrock knew its delivery process posed a foreseeable hazard to its
18 customers; (2) Shamrock knew that it needed to implement policies and trainings to identify
19 and eliminate hazardous practices; and (3) Shamrock failed to take necessary steps to protect its
20 customers in conscious disregard for their health and safety. (*Id.* 17:7–11).

21 "District courts within the Ninth Circuit generally find discovery of new evidence
22 sufficient to satisfy the 'good cause' standard." *Ahtna Design-Build, Inc. v. Asphalt Surfacing,*
23 *Inc.*, No. 3:21-CV-00228-JMK, 2024 WL 473615, at *6 (D. Alaska Feb. 7, 2024).  But here,
24 the Magistrate Judge found that "it was not necessary for plaintiff to rely on [the incident]
25 reports in order to move to amend." (R&R 6:4–5).  Specifically, the Magistrate Judge found

1  that "it is undisputed that [P]laintiff had deposition testimony from the 30(b)(6) witness and
2  Paz years prior to the instant motion (and months prior to the deadline to seek amendment).
3  The fact that defendants recently produced the incident reports in question does not justify the
4  delay in seeking amendment." (*Id.* 6:1–4).  The deposition testimony, not the recently disclosed
5  incident reports, predominantly establishes the basis for Plaintiff's Motion to Amend to add a
6  claim for negligent hiring, training, supervision, and/or retention. (*See* Brown Dep. Tr. at
7  46:14–47:12, Vol. I, dated 2/19/2021, Ex. 8 to Obj., ECF No. 153-8) (admitting that Shamrock
8  does not have any written policies, practices, or procedures for drivers on how to safely deliver
9  or break down pallet of boxes); (*see also* Mot. Amend, ECF No. 146) (relying on Brown
10 deposition transcript for motion to amend to add negligent hiring claim).  Accordingly, Plaintiff
11 was not diligent in bringing her motion to amend to add this claim.

12      Plaintiff's diligence in bringing her proposed punitive damages claim is a closer call
13 because the Motion to Amend to add this claim relies more heavily on the recently disclosed
14 incident reports.  Even so, the proposed claim for punitive damages also relies on information
15 Plaintiff had before the deadline to file motions to amend. (*See* Mot. Amend 5:6–6:11).
16 Moreover, as the Magistrate Judge noted, "[a]s to punitive damages, [P]laintiff has been on
17 notice of her need to amend at least as of the time she responded to defendants' motion for
18 partial summary judgment, in September 2023." (R&R 6:17–18).  Plaintiff does not adequately
19 explain why she waited until January 2024 to move to amend.

20      The Magistrate Judge further muses why Plaintiff did not propound the request for
21 production of the incident reports sooner. (R&R 6:6–16).  Diligence consists of "(1) diligence
22 in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis
23 for amendment has been discovered." *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 236 F.
24 Supp. 3d 1110, 1113 (N.D. Cal. 2017).  "In considering the party's diligence, the critical
25 question is whether the party could have discovered the new information earlier had it acted

with the requisite diligence." *Id.* Here, to the extent Plaintiff argues that Defendants concealed the prior incidents, Defendants provide a persuasive explanation for why they did not (and were not required to) disclose the prior incident reports before they were ordered to in 2023. (*See* Resp. 11:13–12:1). Plaintiff did not specifically request these incident reports until 2023. (Second Set of RFPs to Shamrock, Ex. 11 to Resp., ECF No. 154-11).

In sum, Plaintiff is attempting to amend her complaint to add new claims at the eleventh hour, five years into litigation and after a motion for partial summary judgment is fully briefed. Plaintiff bears the burden to establish good cause to amend at this late stage, and she fails to do so. Plaintiff's Motion to Amend relies on information she had access to years ago, and the recently disclosed incident reports were not necessary for Plaintiff to bring a timely motion to amend. Moreover, Plaintiff was on notice of her need to amend months before she finally moved to amend. Accordingly, the Magistrate Judge's finding that Plaintiff was not diligent in bringing her Motion to Amend is not clearly erroneous.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 152), is **ACCEPTED AND ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that the Motion to Amend, (ECF No. 146), is **DENIED.**

Dated this __19__ day of July, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court